```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, and TEAMSTERS PENSION FUND OF PHILADELPHIA AND VICINITY<br><br>        Plaintiffs,<br><br>        v.<br><br>RICCELLI PREMIUM PRODUCE, INC.<br><br>        Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil No. 09-6455 (JBS-JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court on Plaintiffs' motion for default judgment [Docket Item 6] and a motion by an officer of Defendant corporation, Riccelli Premium Produce, Inc. ("Premium Produce"), to vacate default entered against Defendant.  [Docket Item 8.]  THE COURT FINDS AS FOLLOWS:

    1.  Plaintiffs, Teamsters Health & Welfare Fund of Philadelphia and Vicinity and Teamsters Pension Fund of Philadelphia and Vicinity, are multi-employer benefit funds which receive and administer contributions from various employers who agreed to make such contributions under collective bargaining agreements with certain local unions affiliated with the parent labor union organization, the International Brotherhood of Teamsters.  (Compl. ¶¶ 4, 6-8.)

2. Plaintiffs allege that Premium Produce failed to make timely contributions in breach of the collective bargaining agreements and in violation of the provisions of the Employee Retirement Income Security Act. (Compl. ¶¶ 9-19.) Plaintiffs filed the Complaint on December 23, 2009.

3. On May 6, 2010, Plaintiffs filed the Return of Service, stating that Defendant was served on May 4, 2010. Subsequently, upon failure of Defendant to Answer, default was entered against Defendant on July 29, 2010. On August 10, 2010, Plaintiffs filed the instant Motion for Default Judgment of $5,019.80 for unpaid contributions, attorney's fees and costs. (Pl. Mot. for Default Judgment ¶ 13.)

4. On August 11, 2010, Steven Riccelli, an officer of Premium Produce,[1] filed the present Motion to Vacate Default, claiming that the service was defective and that Premium Produce ceased its operation in 2005. (Def. Br. at 2.) Mr. Riccelli is not a named defendant in this case. The Court presumes that the motion is filed on behalf of the sole named defendant, Riccelli Premium Produce, Inc., of which he is an officer.

---

[1] Mr. Steven Riccelli, in this motion to vacate default, erroneously refers to himself as Defendant. This mistake was first pointed out by the Plaintiffs and acknowledged by Mr. Riccelli's attorney as an oversight. The Court presumes that Mr. Riccelli, though a non-party, may file the motion before the Court on behalf of Defendant as an officer of the Defendant corporation, and will regard his submissions as those of Defendant for this decision. The defendant corporation is duly represented through counsel as required by 28 U.S.C. § 1654.

5.  The Federal Rules of Civil Procedure provide that "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  The United States Court of Appeals for the Third Circuit has adopted a policy disfavoring default judgments and encouraging decisions on the merits, <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 245 (3d Cir. 1951), though the decision to vacate a default judgment is left to the sound discretion of the trial court.  In exercising this discretion, the court must consider (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable.  <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194-95 (3d Cir. 1984).  Any doubts should be resolved in favor of setting aside the default and reaching a decision on the merits.  <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d 120, 122 (3d Cir. 1983).  Applying these factors to the instant case, the Court determines that the default should be vacated.

6.  Plaintiff will not be prejudiced if the default is set aside.  Prejudice may be shown if "the non-defaulting party's ability to pursue the claim has been hindered since the entry of the default judgment."  <u>Feliciano v. Reliant Tooling Co.</u>, 691 F.2d 653, 657 (3d Cir. 1982).  "[L]oss of available evidence, increased potential for fraud or collusion, or substantial

reliance upon the [default] judgement" may support finding of prejudice.  Id.  In this case, the default judgment has not yet been entered.  Furthermore, Plaintiffs have not suggested any reliance or loss of evidence that would prejudice their claim if the default is vacated.  See Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982) (discussing lack of evidence that plaintiff would be prejudiced by vacating the default).  The Court notes that Defendant, with its Motion to Vacate Default, requested the Court time to answer, move, or otherwise reply to the Complaint within 30 days if the default is vacated.  Allowing Defendant to answer the Complaint will not lead to loss of evidence or increased potential for fraud or collusion.  Instead, it will enable the Court to reach a decision on the merits of the case, which is encouraged by the policy of this Circuit.  Thus, the Court finds that the Plaintiffs will not be prejudiced if the default is vacated.

7.  Defendant has stated a plausibly meritorious defense. The threshold question when considering a motion to vacate a default judgment is "whether the defendant has alleged facts which, if established at trial, would constitute a meritorious defense to the cause of action." Cent. W. Rental Co. v. Horizon Leasing, 967 F.2d 832, 836 (3d Cir. 1992).  Rule 55 does not require a defaulting party "to prove beyond a shadow of doubt that they will win a trial, but merely to show that they have a

4

defense to the action which at least has merits on its fact. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). Here, Defendant asserts two defenses: (1) the service was defective; and (2) Defendant does not exist.  As to the defective service, Defendant contends that the service on Mr. Riccelli via first class mail at his place of work[2] is defective on two grounds: that Mr. Riccelli is no longer an officer of Defendant because it ceased to exist several years ago,[3] and that the service was effected on May 4, 2010, after the statutory service period of 120 days.[4]  Thus, the Court finds that Defendant has

---

[2] Mr. Riccelli asserts that he is an employee of "TM Kovecevich, Inc."  (Dec. of Riccelli at 1.)

[3] The proposition that Premium Produce ceased to exist is contradicted by the records of the Pennsylvania Department of State, whose website listed that Premium Produce is an active corporation as of August 20, 2010, with Steven E. Riccelli listed as its vice-president.  (Cert. of R. Matthew Pettigrew, Jr. at Ex. A.) [Docket Item 10-3.]  If this information is correct, the corporate defendant continued to exist as a Pennsylvania corporation during the relevant time.

[4] The Complaint was filed, and the summons issued, on December 23, 2009.  Thus, Plaintiffs were required to serve Defendant by April 23, 2010. Fed. R. Civ. P. 4(m).  Plaintiffs, however, made efforts to personally serve the corporate defendant through its officer, Steven Riccelli, on January 13, 2010, in Clayton, New Jersey, by leaving the papers with Donna Riccelli. (Cert. of R. Matthew Pettigrew, Jr. at ¶ 8 [Docket Item 10].) Furthermore, Mr. Riccelli's attorney's letter to Plaintiffs, dated on January 18, 2010, indicates that Mr. Riccelli had actual notice of the present lawsuit against Defendant.  (Mot. to Set Aside Default Ex. A [Docket Item 8-6].)  Given these efforts within the 120-day period, and the actual service of process within two weeks of expiration of the period, the Court will not dismiss this case under Rule 4(m).

alleged sufficient facts that, if established, would constitute meritorious defense.

    8.  Finally, Default did not result from Defendant's culpable conduct.  In considering whether defendant's culpable conduct led to the default, the court must evaluate the culpability as "more than mere negligence."  Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984).  "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard."  Id.  However, mere breakdown in communication among the defaulting party's counsel warrants favorable review.  Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987); Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983).  In this case, the default does not appear to have been the result of "reckless disregard for repeated communications from plaintiffs," Hritz, 732 F.2d at 1183, but, according to Defendant's account, from Plaintiffs' ineffective attempts at service.  Mr. Riccelli asserts that when someone attempted to leave the service of process at his residence in New Jersey, on January 18, 2010, his attorney wrote to the Plaintiffs, advising that, inter alia, Premium Process had been out of business since 2005.  (Def. Dec. ¶ 5.)  Defendant appears to have shown good faith efforts to resolve the dispute and he has not "callously disregarded repeated notices of judicial proceeding."  Hritz, 732 F.2d at

6

1184.  Even though Defendant failed to make a timely appearance when it first knew of the present lawsuit against it in January, the Court finds that, under these circumstances, Defendant's conduct does not meet the <u>Hritz</u> standard of culpable conduct.

9.  In sum, the Court will grant Defendant's Motion to Vacate Default and allow Defendant to answer, move, or otherwise reply to Plaintiffs' Complaint according to the Rules governing such pleadings.  The Court will, additionally, deny Plaintiffs' motion for default judgment.  The accompanying Order will be entered.

**November 19, 2010**         　　s/ Jerome B. Simandle
Date                              JEROME B. SIMANDLE
                                  United States District Judge